Circuit Court of Cuyahoga County.

### J. W. SYKORA v. JELENA DJURDJEC.[*]

Decided, December 17, 1909.

*Appeal from Justice of the Peace—Dismissal of Appeal—Judgment on Transcript Erroneous.*

In a case appealed from a justice of the peace to the common pleas court, upon dismissal of the appeal for failure of the defendant to comply with an order to give an additional appeal bond, it is error for the court of common pleas to thereafter enter judgment for the plaintiff upon the transcript filed in such dismissed case.

*W. C. Rogers,* for plaintiff in error.
*Palda & Svarc,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Sykora recovered a judgment against Djurdjec before a justice of the peace; the latter appealed. Plaintiff filed a petition in the common pleas court and defendant filed an answer.

Thereafter plaintiff moved for additional bail for the appeal, which was granted. The defendant neglected to comply with

---

[*]Affirmed without opinion, *Sykora* v. *Djurdjeg,* 83 Ohio State, 476.

this order for additional bail, whereupon the court dismissed the appeal and rendered judgment for the plaintiff on the transcript.

Within the term the defendant moved to vacate the order dismissing the appeal; this motion was continued to the next term and then granted, at which time the court also vacated the judgment in plaintiff's favor.

Error is prosecuted to this ruling.

It is conceded in argument that the court has jurisdiction on motion made within the term to vacate the dismissal of the appeal, but it is claimed that no motion was made to vacate the judgment on the transcript in plaintiff's favor, and that said judgment therefor could not be set aside at a subsequent term.

The point is not well taken; the judgment on the transcript was a nullity. No authority for entering it up can be found in the statutes. Section 6588, Revised Statutes, applies to cases where the defendant before the justice of the peace files a bond with him but neglects to perfect his case by filing a transcript and other papers with the clerk of the common pleas court and have his appeal docketed. The defendant in this case complied with the requirements of the statutes and perfected his appeal; when the court subsequently dismissed his appeal there was no case left upon the docket in which to enter a judgment; it was at an end. Plaintiff's judgment in the justice court was still in force, after the dismissal of the appeal, and if he desired a judgment of the common pleas court thereon, he had to comply with the latter part of Section 6588, file a transcript and have the cause docketed. A transcript filed by somebody else in a case dismissed, without re-docketing, can not be held to be a foundation for the judgment authorized in Section 6588. Such looseness of practice should not be permitted in the face of a statute requiring the docketing of a cause as a new case, when a transcript is filed by the appellee.

Papers found in a disposed of case form no basis for a subsequent judgment in that case.

Judgment affirmed.